# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)* **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

## I. (a) PLAINTIFFS
Corey Senat and Ashanti B. Lucas

### DEFENDANTS
Miami Auto Max, Inc., d/b/a Car Depot of Miramar; Kennaya Quesada; and Captial One National Association

**(b)** County of Residence of First Listed Plaintiff: **Broward**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **Broward**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Joshua Feygin, PLLC, 1800 E. Hallandale Bch. Blvd. #85293, Hallandale, FL 33009 (954) 228-5671

Attorneys *(If Known)*
Rachel B. Cash, Burr & Forman, LLP, 420 N. 20th Street, Ste 3400, Birmingham, AL 35203 (205) 251-3000

**(d)** Check County Where Action Arose: ☐ MIAMI-DADE ☐ MONROE ☒ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE ☐ HIGHLANDS

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff) (For Diversity Cases Only) and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)* — Click here for: Nature of Suit Code Descriptions

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Med. Malpractice

**TORTS — PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS — Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
**Other:**
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee – Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent – Abbreviated New Drug Application
- ☐ 840 Trademark
- ☐ 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729 (a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit (15 USC 1681 or 1692)
- ☐ 485 Telephone Consumer Protection Act (TCPA)
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/Exchange
- ☒ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Re-filed *(See VI below)*
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district *(specify)*
- ☐ 6 Multidistrict Litigation Transfer
- ☐ 7 Appeal to District Judge from Magistrate Judgment
- ☐ 8 Multidistrict Litigation – Direct File
- ☐ 9 Remanded from Appellate Court

## VI. RELATED/RE-FILED CASE(S)
*(See instructions):* a) Re-filed Case ☐ YES ☐ NO     b) Related Cases ☐ YES ☒ NO
JUDGE:      DOCKET NUMBER:

## VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §§ 1441 and 1331
LENGTH OF TRIAL via _____ days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23     DEMAND $ 30,000-50,000     CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE**

DATE: July 2, 2021     SIGNATURE OF ATTORNEY OF RECORD: */s/ Rachel B. Cash*

**FOR OFFICE USE ONLY: RECEIPT #    AMOUNT    IFP    JUDGE    MAG JUDGE**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

**COREY SENAT AND ASHANTI B. LUCAS,**

        **Plaintiffs,**

vs.

**MIAMI AUTO MAX, INC., d/b/a CAR DEPOT OF MIRAMAR, a Florida Corporation; KENNAYA QUESADA, an Individual; and CAPITAL ONE, NATIONAL ASSOCIATION, a Foreign Corporation,**

        **Defendants.**

**CASE NO:**

_____/

## NOTICE OF REMOVAL

COMES NOW Defendant identified as Capital One, National Association, properly known as Capital One Auto Finance, a division of Capital One, N.A. ("COAF"), by and through its undersigned counsel, and pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, and hereby files its notice of the removal of this action from the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, to the United States District Court for the Southern District of Florida. As grounds for removal, COAF states the following:

    **I.**    **INTRODUCTION**

1. Plaintiffs Corey Senat and Ashanti B. Lucas ("Plaintiffs") commenced this action on February 11, 2021, by filing a Complaint in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, Case No. CACE-21-002998, against Miami Auto Max, Inc., d/b/a Car Depot of Miramar ("Miami Auto Max"), Kennaya Quesada ("Ms. Quesada"), and

1

COAF.[1] True and correct copies of all pleadings, process, and orders currently on file in the state court are attached to this Notice of Removal as **Exhibit A**.

2. The Complaint relates to a certain retail installment sales contract Plaintiffs entered into with Miami Auto Max to purchase a 2018 Chevrolet Malibu Sedan 4D LT ("Vehicle") on or about February 4, 2019. (*See* Ex. A, Compl. ¶¶ 11-14).

3. Specifically, Plaintiffs allege that Miami Auto Max sold a vehicle to Plaintiffs without properly disclosing the vehicle's prior use as a daily rental car, and failed to obtain a title branded with the vehicle's prior use as a short-term lease fleet vehicle. (*See id*. at ¶¶ 44-45).

4. Additionally, Plaintiffs allege Miami Auto Max had actual or constructive knowledge that the Vehicle had sustained prior damage and was missing an airbag, but failed to disclose said history and damage to Plaintiffs at the time of purchase. (*See id*. at ¶¶ 26-28).

5. Based on these allegations, Plaintiffs bring claims against Miami Auto Max for violation of the Federal Odometer Act, Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), fraud, and negligent misrepresentation. (*See generally* Compl.).

6. Plaintiffs seek to hold COAF equally liable as a mere holder of the retail installment sales contract. (*Id.*).

7. COAF was served with a copy of the Complaint on June 4, 2021. As such, this Notice of Removal is timely under 28 U.S.C. § 1446.

8. This Court has federal question and supplemental jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446 because the lawsuit places at issue claims

---

[1] Nothing in this Notice of Removal should be in any way construed as an admission by COAF that Plaintiffs' claims have any merit whatsoever. COAF denies Plaintiffs are entitled to any judgment, damages, relief, and/or award and demands strict proof thereof.

45855820 v1

arising under a law of the United States.

## II. FEDERAL QUESTION JURISDICTION

9. This action is properly removable under 28 U.S.C. § 1441(a) because the United States District Court has original jurisdiction of this case under 28 U.S.C. § 1331.

10. Specifically, federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Removal based on "federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists [] when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (alteration added).

11. Plaintiffs' Complaint purports to assert claims for violation of the Federal Odometer Act, Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), fraud, and negligent misrepresentation (*See generally* Ex. A, Compl.).

12. Because Plaintiffs assert claims arising under, and for alleged violations of, federal law, this Court has federal question jurisdiction over Plaintiffs' Federal Odometer Act claims pursuant to 28 U.S.C. §§ 1331 and 1441(a). *See Caballero v. Greenfield USA Corp.*, No. 12-60196-Civ-SCOLA, 2012 WL 12905787 at *1 (S.D. Fla. Apr. 27, 2012) ("This Court has original jurisdiction over Plaintiff's Federal Odometer Act claim pursuant to 28 U.S.C. § 1331. 'Jurisdiction over the remaining state law claims comes under the doctrine of supplemental or pendent jurisdiction,' as 'codified in 28 U.S.C. § 1367.'") (*citing Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 742 (11th Cir. 2006)).

45855820 v1

### III. SUPPLEMENTAL JURISDICTION

13. This Court can exercise supplemental jurisdiction over Plaintiffs' remaining state law claims because these claims form part of the same case or controversy as Plaintiffs' federal claims. The supplemental jurisdiction statute, 28 U.S.C. § 1367(a), provides in pertinent part as follows: "[I]n any civil action of which the district courts have original jurisdiction, the district court shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ."

14. In the instant case, Plaintiffs' state law claims are related to the same activity that forms the basis of their federal claims. All of Plaintiffs' claims relate to Miami Auto Max's alleged failure to disclose the prior use, damage, and history of the Vehicle sold to Plaintiffs at the time of purchase. (*See generally* Ex. A, Compl.).

15. Thus, Plaintiffs' state law claims in this case are "so related to claims in the action within [this Court's] original jurisdiction" that they form part of the same case or controversy and, as such, fall squarely within this Court's supplemental jurisdiction as provided under 28 U.S.C. § 1367(a). *See Ghazal v. RJM Acquisitions Funding, LLC*, No. 06-22699-Civ, 2008 WL 2439508, at *2 (S.D. Fla. 2008) ("Section 1367 provides that 'the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.'") (*citing* 28 U.S.C. § 1367(a)). Therefore, this Court should exercise supplemental jurisdiction over the state law claims asserted in the Complaint.

### IV. PROCEDURAL REQUIREMENTS

16. No prior application has been made for the relief requested herein.

17. Defendant Miami Auto Max consents to the removal of this action. Defendant

45855820 v1

Kennaya Quesada has not yet been served in this matter. Thus, pursuant to 28 U.S.C. § 1446(b)(2)(A), all defendants who have been properly joined and served consent to the removal of the action. A copy of Defendant Miami Auto Max's Consent to Removal is attached at **Exhibit B**.

18. The United States District Court for the Southern District of Florida embraces the place where this action was pending in State Court.

19. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Plaintiff, and a copy of this Notice of Removal, along with a Notice of Filing Notice of Removal, will be filed with the clerk of the Seventeenth Judicial Circuit in and for Broward County, Florida.

20. All prerequisites for removal, as set forth in 28 U.S.C. § 1441, have been met.

21. True and correct copies of all process, pleadings and orders served on COAF and currently on file in the state court are attached as **Exhibit A**. *See* 28 U.S.C. § 1446(a); LR 4.02(b).

22. COAF reserves the right to supplement this Notice of Removal and add any jurisdictional defenses to this Notice of Removal which may independently support a basis for removal.

23. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of COAF's rights to assert any defense or affirmative matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) failure to join indispensable parties; or (8) any other pertinent defense available under Rule 12 of the Federal Rules of Civil Procedure, any state or federal statute, or otherwise.

45855820 v1

**WHEREFORE**, COAF prays that the Court will take jurisdiction of this action and issue all necessary orders and process to remove this action from the Seventeenth Judicial Circuit in and for Broward County, Florida, to the United States District Court for the Southern District of Florida.

Respectfully submitted this 2nd day of July, 2021.

*/s/ Rachel B. Cash*
Rachel B. Cash, Esq.
Florida Bar No.: 114052
**BURR & FORMAN LLP**
420 N. 20th Street, Suite 3400
Birmingham, AL 35203
Telephone:     205-251-3000
Facsimile:      205-413-8701
E-mail: rcash@burr.com

Attorney for Capital One Auto Finance, a division of Capital One, N.A.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 2nd day of July, 2021, I electronically filed the foregoing with the Clerk of Court, which will send an electronic service copy to the following parties:

Joshua Feygin
JOSHUA FEYGIN, PLLC
1800 E. Hallandale Bch. Blvd., #85293
Hallandale, FL 33009
Phone: (954) 228-5671
Email: josh@jfeyginesq.com

Darren R. Newhart
NEWHART LEGAL, P.A.
P.O. Box 1351
Loxahatchee, FL 33470
Phone: (561) 331-1806
Email: darren@newhartlegal.com

*Attorneys for Plaintiffs*

Jerome A. Pivnik, Esq.
The Pivnik Law Firm
7700 N. Kendall Dr., Ste. 703
Miami, FL 33156
Phone: 305-670-0095
Email: PivnikLaw@aol.com

*Attorney for Defendant Miami Auto Max*

Kennaya Quesada
3530 S. State Road 7
Miramar, FL 33023

*Defendant*

                                                  */s/ Rachel B. Cash*
                                                  Rachel B. Cash, Esq. (FL. Bar No. 114052)