**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

**COREY SENAT AND ASHANTI B. LUCAS,**

                    **Plaintiffs,**

**vs.**

**MIAMI AUTO MAX, INC., d/b/a CAR**
**DEPOT OF MIRAMAR, a Florida**
**Corporation; KENNAYA QUESADA, an**
**Individual; and CAPITAL ONE,**
**NATIONAL ASSOCIATION, a Foreign**
**Corporation,**

                    **Defendants.**

      **CASE NO:   0:21-cv-61366-BB**

_____/

## DEFENDANT CAPITAL ONE AUTO FINANCE, A DIVISION OF CAPITAL ONE, N.A.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

COMES NOW Defendant identified as Capital One, National Association, properly known as Capital One Auto Finance, a division of Capital One, N.A. ("COAF"), and hereby answers the Complaint of Plaintiffs Corey Senat and Ashanti B. Lucas ("Plaintiffs"), stating as follows:

### *GENERAL ALLEGATIONS*

### *Synopsis of Claims*

1.     The allegations contained in Paragraph 1 of the Complaint do not appear to be directed toward COAF. As such, COAF does not believe a response to these allegations is required. To the extent a response is required, COAF is without sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies the same and demands strict proof thereof.

2.     The allegations contained in Paragraph 2 of the Complaint do not appear to be directed toward COAF. As such, COAF does not believe a response to these allegations is required.

To the extent a response is required, COAF is without sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies the same and demands strict proof thereof.

3.      The allegations contained in Paragraph 3 of the Complaint do not appear to be directed toward COAF. As such, COAF does not believe a response to these allegations is required. To the extent a response is required, COAF is without sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies the same and demands strict proof thereof.

4.      The allegations contained in Paragraph 4 of the Complaint do not appear to be directed toward COAF. As such, COAF does not believe a response to these allegations is required. To the extent a response is required, COAF is without sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies the same and demands strict proof thereof.

5.      The allegations contained in Paragraph 5 of the Complaint do not appear to be directed toward COAF. As such, COAF does not believe a response to these allegations is required. To the extent a response is required, COAF is without sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies the same and demands strict proof thereof.

### *Jurisdiction*

6.      COAF admits that Plaintiffs assert the amount of damages as described in Paragraph 6 of the Complaint, but denies that Plaintiffs are entitled to any judgment, damages, relief and/or award from COAF and demands strict proof thereof. COAF believes the remaining allegations contained in Paragraph 6 of the Complaint call for a legal conclusion to which no

response is required. To the extent a response is required, COAF admits the applicable statutes regarding jurisdiction speak for themselves, and denies any inconsistent allegations.

*Allegations as to Parties*

7.      The allegations contained in Paragraph 7 of the Complaint do not appear to be directed toward COAF. As such, COAF does not believe a response to these allegations is required. To the extent a response is required, COAF is without sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies the same and demands strict proof thereof.

8.      The allegations contained in Paragraph 8 of the Complaint do not appear to be directed toward COAF. As such, COAF does not believe a response to these allegations is required. To the extent a response is required, COAF is without sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies the same and demands strict proof thereof.

9.      COAF believes the allegations contained in Paragraph 9 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, COAF admits the referenced statute speaks for itself, and denies any inconsistent allegations. COAF is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 9 of the Complaint, and therefore denies the same and demands strict proof thereof.

10.     COAF states that Capital One Auto Finance is a division of Capital One, N.A., a national banking association, and that it conducts business in the state of Florida. COAF believes the remaining allegations contained in Paragraph 10 of the Complaint call for a legal conclusion

to which no response is required. To the extent a response is required, COAF admits the referenced statutes speak for themselves, and denies any inconsistent allegations.

### *Factual Allegations*

### *Purchase of Vehicle – an Undisclosed Daily Rental*

11.     COAF is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint, and therefore denies the same and demands strict proof thereof.

12.     COAF is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint, and therefore denies the same and demands strict proof thereof.

13.     COAF is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint, and therefore denies the same and demands strict proof thereof.

14.     COAF is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint, and therefore denies the same and demands strict proof thereof.

15.     COAF is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint regarding the history of the underlying Vehicle, and therefore denies the same and demands strict proof thereof.

16.     The allegations contained in Paragraph 16 of the Complaint do not appear to be directed toward COAF. As such, COAF does not believe a response to these allegations is required. To the extent a response is required, COAF is without sufficient knowledge or information to form

a belief as to the truth of the allegations, and therefore denies the same and demands strict proof thereof. COAF further denies that it committed any wrongdoing and demands strict proof thereof.

17.     The allegations contained in Paragraph 17 of the Complaint do not appear to be directed toward COAF. As such, COAF does not believe a response to these allegations is required. To the extent a response is required, COAF is without sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies the same and demands strict proof thereof. COAF further denies that it committed any wrongdoing and demands strict proof thereof.

18.     COAF admits that Plaintiffs executed a Buyer's Order associated with their purchase of the subject vehicle on or about February 4, 2019. COAF is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 18 of the Complaint, and therefore denies the same and demands strict proof thereof. COAF further denies that it committed any wrongdoing and demands strict proof thereof.

19.     COAF is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint regarding whether Plaintiffs have a copy of the document referenced and Plaintiffs' intent to obtain a copy of said document, and therefore denies the same and demands strict proof thereof.

20.     COAF admits that Plaintiffs executed a Retail Installment Contract and Security Agreement associated with their purchase of the subject vehicle on or about February 4, 2019. COAF is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 20 of the Complaint, and therefore denies the same and demands strict proof thereof. COAF further denies that it committed any wrongdoing and demands strict proof thereof.

21.     COAF admits the document attached as Exhibit A speaks for itself and denies any inconsistent allegations.

22.     COAF admits the referenced document speaks for itself and denies any inconsistent allegations.

23.     COAF is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint regarding Plaintiffs' actions after purchasing the underlying Vehicle and their belief regarding said purchase, and therefore denies the same and demands strict proof thereof.

### *Discovery of Evidence of Prior Wreck and Latent Defects*

24.     COAF is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint, and therefore denies the same and demands strict proof thereof.

25.     COAF is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint, and therefore denies the same and demands strict proof thereof.

26.     COAF is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint, and therefore denies the same and demands strict proof thereof.

27.     COAF is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint, and therefore denies the same and demands strict proof thereof.

28.     The allegations contained in Paragraph 28 of the Complaint do not appear to be directed toward COAF. As such, COAF does not believe a response to these allegations is required.

To the extent a response is required, COAF is without sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies the same and demands strict proof thereof. COAF further denies that it committed any wrongdoing and demands strict proof thereof.

### Discovery of Dealership Deception
### Concealment of Title History

29.     COAF is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint, and therefore denies the same and demands strict proof thereof.

30.     COAF admits the document attached as Exhibit B speaks for itself and denies any inconsistent allegations.

31.     COAF is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint, and therefore denies the same and demands strict proof thereof.

### Finance Company Liability

32.     COAF believes the allegations contained in Paragraph 32 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, COAF admits the referenced statute speaks for itself, and denies any inconsistent allegations. COAF further denies that it committed any wrongdoing and demands strict proof thereof.

33.     COAF admits the referenced document speaks for itself and denies any inconsistent allegations. COAF further denies that it committed any wrongdoing and demands strict proof thereof.

34.     COAF admits the referenced statute speaks for itself, and denies any inconsistent allegations. COAF further denies that it committed any wrongdoing and demands strict proof thereof.

35.     COAF believes the allegations contained in Paragraph 35 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, COAF admits the referenced statute speaks for itself, and denies any inconsistent allegations. COAF further denies that it committed any wrongdoing and demands strict proof thereof.

### *Compliance with Conditions Precedent*

36.     COAF denies that it received any "arbitration opt-out notice" as referenced in Paragraph 36 of the Complaint and demands strict proof thereof.

37.     COAF admits only that, on May 30, 2019, it received a letter dated May 16, 2019 from Plaintiffs' counsel regarding the claims at issue in the Complaint. COAF is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 37 of the Complaint as they pertain to any other correspondence, and demands strict proof thereof. COAF believes the allegations contained in Paragraph 37 regarding the legal sufficiency of such correspondence pursuant to the referenced statute state a legal conclusion to which no response is required.

38.     COAF believes the allegations contained in Paragraph 38 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, COAF is without sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies the same and demands strict proof thereof.

### COUNT I
### ACTION FOR VIOLATION OF THE FEDERAL ODOMETER ACT
### (Dealership and Holder)

39.     COAF admits Plaintiffs purport to bring claims for violation of the Federal Odometer Act, 49 U.S.C. Section 32701, *et seq*. COAF denies that it committed any wrongdoing

and demands strict proof thereof. COAF further denies Plaintiffs are entitled to any judgment, damages, relief and/or award from COAF and demands strict proof thereof.

40.     COAF hereby repeats, realleges, and incorporates its responses to Paragraphs 1-39 of the Complaint as if fully set forth herein.

41.     COAF believes the allegations contained in Paragraph 41 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, COAF admits the referenced regulation speaks for itself and denies any inconsistent allegations.

42.     COAF believes the allegations contained in Paragraph 42 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, COAF admits the referenced regulation speaks for itself and denies any inconsistent allegations.

43.     COAF believes the allegations contained in Paragraph 43 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, COAF admits the referenced statute speaks for itself and denies any inconsistent allegations.

44.     COAF believes the allegations contained in Paragraph 44 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, COAF is without sufficient knowledge or information to form a belief as to the truth of the allegations and, as such, denies same and demands strict proof thereof.

45.     COAF is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 45 of the Complaint and therefore denies the same and demands strict proof thereof.

46.     The allegations contained in Paragraph 46 of the Complaint do not appear to be directed towards COAF specifically, but by mere virtue of Plaintiffs' claims brought pursuant to the FTC Holder Rule. As such, COAF denies the allegations and demands strict proof thereof.

47.     The allegations contained in Paragraph 47 of the Complaint do not appear to be directed towards COAF specifically, but by mere virtue of Plaintiffs' claims brought pursuant to the FTC Holder Rule. As such, COAF denies the allegations and demands strict proof thereof.

48.     COAF admits the document attached as Exhibit C speaks for itself and denies any inconsistent allegations. The remaining allegations contained in Paragraph 48 of the Complaint do not appear to be directed towards COAF specifically, but by mere virtue of Plaintiffs' claims brought pursuant to the FTC Holder Rule. As such, COAF is without sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies the same and demands strict proof thereof.

49.     COAF admits the referenced document speaks for itself and denies any inconsistent allegations. COAF further denies that it committed any wrongdoing and demands strict proof thereof.

50.     COAF is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 50 of the Complaint, and therefore denies the same and demands strict proof thereof. COAF further denies that it committed any wrongdoing and demands strict proof thereof.

51.     The allegations contained in Paragraph 51 of the Complaint do not appear to be directed towards COAF specifically, but by mere virtue of Plaintiffs' claims brought pursuant to the FTC Holder Rule. As such, COAF denies the allegations and demands strict proof thereof.

52.     The allegations contained in Paragraph 52 of the Complaint do not appear to be directed towards COAF specifically, but by mere virtue of Plaintiffs' claims brought pursuant to the FTC Holder Rule. As such, COAF denies the allegations and demands strict proof thereof.

53.     The allegations contained in Paragraph 53 of the Complaint do not appear to be directed towards COAF specifically, but by mere virtue of Plaintiffs' claims brought pursuant to the FTC Holder Rule. As such, COAF denies the allegations and demands strict proof thereof.

54.     The allegations contained in Paragraph 54 of the Complaint do not appear to be directed towards COAF specifically, but by mere virtue of Plaintiffs' claims brought pursuant to the FTC Holder Rule. As such, COAF denies the allegations and demands strict proof thereof.

55.     The allegations contained in Paragraph 55 of the Complaint do not appear to be directed towards COAF specifically, but by mere virtue of Plaintiffs' claims brought pursuant to the FTC Holder Rule. As such, COAF denies the allegations and demands strict proof thereof.

56.     The allegations contained in Paragraph 56 of the Complaint do not appear to be directed towards COAF specifically, but by mere virtue of Plaintiffs' claims brought pursuant to the FTC Holder Rule. As such, COAF denies the allegations and demands strict proof thereof.

57.     T The allegations contained in Paragraph 57 of the Complaint do not appear to be directed towards COAF specifically, but by mere virtue of Plaintiffs' claims brought pursuant to the FTC Holder Rule. As such, COAF denies the allegations and demands strict proof thereof. COAF further denies Plaintiffs are entitled to any judgment, damages, relief and/or award from COAF and demands strict proof thereof.

58.     The allegations contained in Paragraph 58 of the Complaint do not appear to be directed towards COAF specifically, but by mere virtue of Plaintiffs' claims brought pursuant to the FTC Holder Rule. As such, COAF denies the allegations and demands strict proof thereof. COAF further denies Plaintiffs are entitled to any judgment, damages, relief and/or award from COAF and demands strict proof thereof.

59.     The allegations contained in Paragraph 59 of the Complaint do not appear to be directed towards COAF specifically, but by mere virtue of Plaintiffs' claims brought pursuant to the FTC Holder Rule. As such, COAF denies the allegations and demands strict proof thereof. COAF further denies Plaintiffs are entitled to any judgment, damages, relief and/or award from COAF and demands strict proof thereof.

In response to the WHEREFORE Paragraph following Paragraph 59 of the Complaint, COAF denies Plaintiffs are entitled to any judgment, damages, relief and/or award from COAF and demands strict proof thereof.

## COUNT II
## ACTION FOR VIOLATION OF FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT
### (Dealership and Holder)

60.     COAF admits Plaintiffs purport to bring claims for violation of the Florida Deceptive and Unfair Trade Practices Act. COAF denies that it committed any wrongdoing and demands strict proof thereof. COAF further denies Plaintiffs are entitled to any judgment, damages, relief and/or award from COAF and demands strict proof thereof.

61.     COAF hereby repeats, realleges, and incorporates its responses to Paragraphs 1-60 of the Complaint as if fully set forth herein.

62.     COAF believes the allegations contained in Paragraph 62 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, COAF admits the referenced statute speaks for itself and denies any inconsistent allegations.

63.     COAF believes the allegations contained in Paragraph 63 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, COAF admits the referenced statute speaks for itself and denies any inconsistent allegations. COAF is without sufficient knowledge or information to form a belief as to the truth of the remaining

allegations regarding the Vehicle's history, and therefore denies the same and demands strict proof thereof.

64.     COAF believes the allegations contained in Paragraph 64 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, COAF admits the referenced statutes speak for themselves and denies any inconsistent allegations.

65.     COAF believes the allegations contained in Paragraph 65 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, COAF admits the referenced statute speaks for itself and denies any inconsistent allegations.

### *Violation of FTC Used Car Rule*

66.     COAF believes the allegations contained in Paragraph 66 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, COAF admits the referenced regulation speaks for itself and denies any inconsistent allegations.

67.     COAF believes the allegations contained in Paragraph 67 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, COAF admits the referenced regulation speaks for itself and denies any inconsistent allegations.

68.     COAF is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 68 of the Complaint, and therefore denies the same and demands strict proof thereof.

69.     COAF is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 69 of the Complaint, and therefore denies the same and demands strict proof thereof.

70.     The allegations contained in Paragraph 70 of the Complaint do not appear to be directed towards COAF specifically, but by mere virtue of Plaintiffs' claims brought pursuant to the FTC Holder Rule. As such, COAF denies the allegations and demands strict proof thereof.

### Violation of Florida Title Certificate Act

71.     The allegations contained in Paragraph 71 of the Complaint do not appear to be directed towards COAF specifically, but by mere virtue of Plaintiffs' claims brought pursuant to the FTC Holder Rule. As such, COAF denies the allegations and demands strict proof thereof.

72.     The allegations contained in Paragraph 72 of the Complaint do not appear to be directed towards COAF specifically, but by mere virtue of Plaintiffs' claims brought pursuant to the FTC Holder Rule. As such, COAF denies the allegations and demands strict proof thereof.

### Violation of the Florida Motor Vehicle Act

73.     The allegations contained in Paragraph 73 of the Complaint, including subparts (A)-(B), do not appear to be directed towards COAF specifically, but by mere virtue of Plaintiffs' claims brought pursuant to the FTC Holder Rule. As such, COAF denies the allegations and demands strict proof thereof.

74.     The allegations contained in Paragraph 74 of the Complaint do not appear to be directed towards COAF specifically, but by mere virtue of Plaintiffs' claims brought pursuant to the FTC Holder Rule. As such, COAF denies the allegations and demands strict proof thereof.

### General Violations of the DUTPA

75.     The allegations contained in Paragraph 75 of the Complaint, including subparts (A)-(E), do not appear to be directed towards COAF specifically, but by mere virtue of Plaintiffs' claims brought pursuant to the FTC Holder Rule. As such, COAF denies the allegations and demands strict proof thereof.

76.     The allegations contained in Paragraph 76 of the Complaint do not appear to be directed towards COAF specifically, but by mere virtue of Plaintiffs' claims brought pursuant to the FTC Holder Rule. As such, COAF denies the allegations and demands strict proof thereof. COAF further denies Plaintiffs are entitled to any judgment, damages, relief and/or award from COAF and demands strict proof thereof.

77.     The allegations contained in Paragraph 77 of the Complaint do not appear to be directed towards COAF specifically, but by mere virtue of Plaintiffs' claims brought pursuant to the FTC Holder Rule. As such, COAF denies the allegations and demands strict proof thereof.

78.     The allegations contained in Paragraph 78 of the Complaint do not appear to be directed towards COAF specifically, but by mere virtue of Plaintiffs' claims brought pursuant to the FTC Holder Rule. As such, COAF denies the allegations and demands strict proof thereof. COAF further denies Plaintiffs are entitled to any judgment, damages, relief and/or award from COAF and demands strict proof thereof.

79.     The allegations contained in Paragraph 79 of the Complaint do not appear to be directed towards COAF specifically, but by mere virtue of Plaintiffs' claims brought pursuant to the FTC Holder Rule. As such, COAF denies that it committed any wrongdoing and demands strict proof thereof.

80.     COAF is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 80 of the Complaint regarding Plaintiffs' relationship with their counsel, and therefore denies the same and demands strict proof thereof. COAF further denies Plaintiffs are entitled to any judgment, damages, relief and/or award from COAF and demands strict proof thereof.

In response to the WHEREFORE Paragraph following Paragraph 80 of the Complaint, including subparts (A) – (D), COAF denies the allegations and demands strict proof thereof. COAF further denies Plaintiffs are entitled to any judgment, damages, relief and/or award from COAF and demands strict proof thereof.

## COUNT III
## ACTION FOR VIOLATION OF DUTPA
### (Miss Quesada)

81.    COAF admits Plaintiffs purport to bring claims for violation of the Florida Deceptive and Unfair Trade Practices Act. COAF denies that it committed any wrongdoing and demands strict proof thereof. COAF further denies Plaintiffs are entitled to any judgment, damages, relief and/or award from COAF and demands strict proof thereof.

82.    COAF hereby repeats, realleges, and incorporates its responses to Paragraphs 1-81 of the Complaint as if fully set forth herein.

83.    The allegations contained in Paragraph 83 of the Complaint do not appear to be directed toward COAF. As such, COAF does not believe a response to these allegations is required. To the extent a response is required, COAF is without sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies the same and demands strict proof thereof.

84.    The allegations contained in Paragraph 84 of the Complaint do not appear to be directed toward COAF. As such, COAF does not believe a response to these allegations is required. To the extent a response is required, COAF is without sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies the same and demands strict proof thereof.

85.     The allegations contained in Paragraph 85 of the Complaint do not appear to be directed toward COAF. As such, COAF does not believe a response to these allegations is required. To the extent a response is required, COAF is without sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies the same and demands strict proof thereof.

86.     The allegations contained in Paragraph 86 of the Complaint do not appear to be directed toward COAF. As such, COAF does not believe a response to these allegations is required. To the extent a response is required, COAF is without sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies the same and demands strict proof thereof.

87.     The allegations contained in Paragraph 87 of the Complaint do not appear to be directed toward COAF. As such, COAF does not believe a response to these allegations is required. To the extent a response is required, COAF is without sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies the same and demands strict proof thereof.

88.     The allegations contained in Paragraph 88 of the Complaint do not appear to be directed toward COAF. As such, COAF does not believe a response to these allegations is required. To the extent a response is required, COAF is without sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies the same and demands strict proof thereof.

89.     The allegations contained in Paragraph 89 of the Complaint do not appear to be directed toward COAF. As such, COAF does not believe a response to these allegations is required. To the extent a response is required, COAF is without sufficient knowledge or information to form

a belief as to the truth of the allegations, and therefore denies the same and demands strict proof thereof.

The allegations contained in the WHEREFORE Paragraph following Paragraph 89 of the Complaint do not appear to be directed toward COAF. As such, COAF does not believe a response to these allegations is required. To the extent a response is required, COAF is without sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies the same and demands strict proof thereof. COAF further denies Plaintiffs are entitled to any judgment, damages, relief and/or award from COAF and demands strict proof thereof.

**COUNT IV**
**ACTION FOR FRAUD**
**(Dealership and Holder)**

90.    COAF admits Plaintiffs purport to bring claims for fraud. COAF denies that it committed any wrongdoing and demands strict proof thereof. COAF further denies Plaintiffs are entitled to any judgment, damages, relief and/or award from COAF and demands strict proof thereof.

91.    COAF hereby repeats, realleges, and incorporates its responses to Paragraphs 1-90 of the Complaint as if fully set forth herein.

92.    The allegations contained in Paragraph 92 of the Complaint do not appear to be directed towards COAF specifically, but by mere virtue of Plaintiffs' claims brought pursuant to the FTC Holder Rule. As such, COAF denies the allegations and demands strict proof thereof.

93.    The allegations contained in Paragraph 93 of the Complaint do not appear to be directed towards COAF specifically, but by mere virtue of Plaintiffs' claims brought pursuant to the FTC Holder Rule. As such, COAF denies the allegations and demands strict proof thereof.

94.     The allegations contained in Paragraph 94 of the Complaint do not appear to be directed towards COAF specifically, but by mere virtue of Plaintiffs' claims brought pursuant to the FTC Holder Rule. As such, COAF denies the allegations and demands strict proof thereof.

95.     The allegations contained in Paragraph 95 of the Complaint do not appear to be directed towards COAF specifically, but by mere virtue of Plaintiffs' claims brought pursuant to the FTC Holder Rule. As such, COAF denies the allegations and demands strict proof thereof.

96.     The allegations contained in Paragraph 96 of the Complaint do not appear to be directed towards COAF specifically, but by mere virtue of Plaintiffs' claims brought pursuant to the FTC Holder Rule. As such, COAF denies the allegations and demands strict proof thereof.

97.     The allegations contained in Paragraph 97 of the Complaint do not appear to be directed towards COAF specifically, but by mere virtue of Plaintiffs' claims brought pursuant to the FTC Holder Rule. As such, COAF denies the allegations and demands strict proof thereof. COAF further denies Plaintiffs are entitled to any judgment, damages, relief and/or award from COAF and demands strict proof thereof.

In response to the WHEREFORE Paragraph following Paragraph 97 of the Complaint, COAF denies Plaintiffs are entitled to any judgment, damages, relief and/or award from COAF and demands strict proof thereof.

## COUNT V
## ACTION FOR NEGLIGENT MISREPRESENTATION
### (Dealership and Holder)

98.     COAF admits Plaintiffs purport to bring claims for negligent misrepresentation. COAF denies that it committed any wrongdoing and demands strict proof thereof. COAF further denies Plaintiffs are entitled to any judgment, damages, relief and/or award from COAF and demands strict proof thereof.

99.     COAF hereby repeats, realleges, and incorporates its responses to Paragraphs 1-98 of the Complaint as if fully set forth herein.

100.    The allegations contained in Paragraph 100 of the Complaint do not appear to be directed towards COAF specifically, but by mere virtue of Plaintiffs' claims brought pursuant to the FTC Holder Rule. As such, COAF denies the allegations and demands strict proof thereof.

101.    The allegations contained in Paragraph 101 of the Complaint do not appear to be directed towards COAF specifically, but by mere virtue of Plaintiffs' claims brought pursuant to the FTC Holder Rule. As such, COAF denies the allegations and demands strict proof thereof.

102.    The allegations contained in Paragraph 102 of the Complaint do not appear to be directed towards COAF specifically, but by mere virtue of Plaintiffs' claims brought pursuant to the FTC Holder Rule. As such, COAF denies the allegations and demands strict proof thereof.

103.    The allegations contained in Paragraph 103 of the Complaint do not appear to be directed towards COAF specifically, but by mere virtue of Plaintiffs' claims brought pursuant to the FTC Holder Rule. As such, COAF denies the allegations and demands strict proof thereof.

104.    The allegations contained in Paragraph 104 of the Complaint do not appear to be directed towards COAF specifically, but by mere virtue of Plaintiffs' claims brought pursuant to the FTC Holder Rule. As such, COAF denies the allegations and demands strict proof thereof.

105.    The allegations contained in Paragraph 105 of the Complaint do not appear to be directed towards COAF specifically, but by mere virtue of Plaintiffs' claims brought pursuant to the FTC Holder Rule. As such, COAF denies the allegations and demands strict proof thereof. COAF further denies Plaintiffs are entitled to any judgment, damages, relief and/or award from COAF and demands strict proof thereof.

In response to the WHEREFORE Paragraph following Paragraph 105 of the Complaint, COAF denies Plaintiffs are entitled to any judgment, damages, relief and/or award from COAF and demands strict proof thereof.

### DEMAND FOR JURY TRIAL

COAF admits only that Plaintiffs have demanded a trial by jury.

### AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiffs' Complaint fails to state a claim against COAF upon which relief can be granted.

### SECOND DEFENSE

Plaintiffs' damages, if any, were the result of an intervening or superseding cause or the acts or omissions of third parties over which COAF had no responsibility or control, and for whom COAF is not responsible and may not be held liable.

### THIRD DEFENSE

COAF did not proximately or actually cause Plaintiffs' damages, if any.

### FOURTH DEFENSE

Plaintiffs did not reasonably rely on any misstatements from COAF.

### FIFTH DEFENSE

Plaintiffs' claims are barred because COAF has not breached any duties allegedly owed to Plaintiffs, arising by contract and/or operation of law.

### SIXTH DEFENSE

The alleged transaction at issue was voluntarily undertaken. Plaintiffs had the opportunity and obligation to read all documents presented to, signed by or agreed to by them. The terms of any and all documents were fully disclosed to Plaintiffs and the Plaintiffs knowingly entered into

the transaction, having either understood the transaction or having failed to avail themselves of the opportunity to understand the transaction. Some or all of Plaintiffs' claims against COAF are barred by the terms and conditions of any and all documents signed by, agreed to, or entered into by Plaintiff.

## SEVENTH DEFENSE

Plaintiffs' claims are barred because Plaintiffs have not sustained any damages as a result of any alleged act or omission by COAF.

## EIGHTH DEFENSE

Plaintiffs' damages, if any, are limited by the terms of the contract.

## NINTH DEFENSE

Plaintiffs are not entitled to an award of punitive damages against COAF because Plaintiffs have failed to sufficiently plead, and will be unable to prove, that COAF has acted at any time with willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences.

## TENTH DEFENSE

To the extent that Plaintiffs can state a claim against COAF under the FTC Holder Rule, which is denied, any potential recovery is governed by and limited pursuant to the FTC Holder Rule.

## RESERVATION OF DEFENSES

COAF reserves the right to assert additional defenses as discovery progresses in this case. To the extent that any of the foregoing allegations in the complaint have not been expressly admitted or denied, they are hereby denied.

Respectfully submitted this 9th day of July, 2021.

/s/Rachel B. Cash
Rachel B. Cash, Esq.
Florida Bar No.: 114052
**BURR & FORMAN LLP**
420 N. 20th Street, Suite 3400
Birmingham, AL 35203
Telephone:      205-251-3000
Facsimile:      205-413-8701
E-mail:          rcash@burr.com

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on the 9th day of July, 2021**,** I electronically filed the foregoing with the Clerk of Court, which will send an electronic service copy to the following parties:

Joshua Feygin
JOSHUA FEYGIN, PLLC
1800 E. Hallandale Bch. Blvd., #85293
Hallandale, FL 33009
Phone: (954) 228-5671
Email: josh@jfeyginesq.com

Darren R. Newhart
NEWHART LEGAL, P.A.
P.O. Box 1351
Loxahatchee, FL 33470
Phone: (561) 331-1806
Email: darren@newhartlegal.com

*Attorneys for Plaintiffs*

Jerome A. Pivnik, Esq.
The Pivnik Law Firm
7700 N. Kendall Dr., Ste. 703
Miami, FL 33156
Phone: 305-670-0095
Email: PivnikLaw@aol.com

*Attorney for Defendant Miami Auto Max*

Kennaya Quesada
3530 S. State Road 7
Miramar, FL 33023

*Defendant*

/s/ *Rachel B. Cash*
Rachel B. Cash, Esq. (FL. Bar No. 114052)