| | |
|---|---|
| COREY SENAT and ASHANTI LUCAS | UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF FLORIDA |
| Plaintiffs, | Miami Division |
| vs. | CASE NO.: 2021-CV-61366-BB |
| MIAMI AUTO MAX, INC., et al. | **DEFENDANT'S MOTION TO DISMISS** |
| Defendants._____/ | |

Defendant, MIAMI AUTO MAX, INC., moves to dismiss the complaint and states:

1. On or about 2/11/21, the Plaintiffs filed a 105-paragraph, 16-page, 5-count complaint against the Defendants Miami Auto Max, Inc., ("MAM"), its President, Kennya Quesada, ("Quesada") as well as Capitol One National Assn., in Broward County Circuit Court. The complaint contains the following counts:

> Count 1 - Violation of the Federal Odometer Act (49 USC §32701)
> Count 2 - Violation of FDUPTA (§501.201 et seq)
> Count 3 - Violation of FDUPTA (§501.201 et seq) - as to only Quesada
> Count 4 - Fraud
> Count 5 - Negligent Misrepresentation

The Complaint was removed to this Court by the Co-Defendant (in which MAM jointed) on the basis of Federal Question jurisdiction. MAM had filed a motion to dismiss while the case was pending in State Court. In accordance with the Court's Order regarding removal procedures, this motion is re-filed in accordance with local rules.

2. Plaintiffs allege that on or about 2/4/19, they bought a used 2018 Chevy Malibu at Defendant MAM's dealership. Plaintiffs attach the Retail Installment Sales Contract ("RISC") and Financing Agreement as Exhibit A. (The also claim they singed a Retail Buyers Order but are not in possession of a copy of it). See Complaint, ¶18-21.

3. Each of the subject counts fails to state a cause of action[1].

4. Count 1 fails to state a cause of action against MAM for violation of the Federal Odometer Act.

5. Count 2 fails to state a cause of action against MAM for violation of FDUPTA

---

[1] In its motion to dismiss filed in state court, Defendant had also raised the applicability the Arbitration Provision in the subject contract, and noted that Plaintiffs claim, at ¶36 that they drafted and timely delivered an arbitration opt-out notice pursuant to the arbitration provision in the RISC - but failed to attach same. Of course, there is no requirement it be attached to a complaint filed in Federal Court, and Defendant no longer pursues that argument.

(§501.201).

6. Count 3 pertains to Ms. Quesada who has not yet been served. However, the complaint fails to allege any actions on which to impose liability on Ms. Quesada and contains only conclusory allegations at ¶3-5, that she is a "control person" as defined by §520.02(4), that she is "president, manager and control person" of MAM and "either directly participated in the wrongful conduct described below or alternatively ratified such activity upon being informed of same."

7. Count 4 fails to state a cause of action against MAM for Fraud. Plaintiff has failed to plead fraud with the requisite particularity.

8. Count 6 fails to state a cause of action against MAM for "negligent misrepesentation." The integration clause in the RISC bars any such claims.

## Memorandum of Law

### A. Federal Odometer Act

Count 1 fails to state a cause of action against MAM for violation of the Federal Odometer Act, 44 USC §37201. Plaintiffs allege that the Dealership, MAM, violated the Act "by not providing consumer disclosures on the vehicle title. Complaint, ¶ 1. Then, they include a claim in Count 1 that MAM also violated Fla. Stat. §319.41 by failing to disclose the vehicle had previously been a rental car. Id, ¶15-17, 47. However, they attached as Exhibit C - the Disclosure of Vehicle Lease History - which they confirm that the vehicle had been used as a leased vehicle, and which repudiates this claim.

Plaintiffs claim that the dealership failed to obtain a "branded title" and provide the Plaintiffs with the actual title certificate for their "examination and signature" as they claim is required by 49 U.S.C. §32705 and 49 CFR 580.5 and that by somehow signing the title re-assignment as conceded in ¶47-49, that the Dealership bypassed the requirements of the Act and Fla. Stat. §319.41.

The Odometer Act "imposes on car dealers various requirements intended to ensure that automobile consumers are provided with accurate statements of a car's mileage." *Coleman v. Lazy Days RV Ctr., Inc*., 2006 WL 2131303, at *3 (M.D. Fla. July 28, 2006). Here, the Plaintiff fails to

allege any inaccuracy or issue with the subject vehicles odometer.  This language prohibits only the violation of a regulation promulgated under the section or the making of a false statement in a disclosure required by a regulation adopted under the section - nothing more. Therefore, in order for Plaintiff to set forth a claim for a violation of this part of the Odometer Act, Plaintiff must point to a regulation that Defendant's conduct violated or to a false statement in a "required" disclosure. <u>Beam v. Domani Motor Cars, Inc</u>., 922 F. Supp. 2d 1338 (S.D. Fla. 2013)(Section 32705(a)(2) provides, "A person transferring ownership of a motor vehicle may not violate a regulation prescribed under this section or give a false statement to the transferee in making the disclosure required by such a regulation." This language prohibits only the violation of a regulation promulgated under the section or the making of a false statement in a disclosure required by a regulation adopted under the section - nothing more).

On case nearly on point, is <u>Bertolotti v. A & L International</u>, S. Disc of Fla. Case no. 16-22185,  Order on Defendant's Motion to Dismiss by Judge Cooke entered on 11/17/16 and a copy of which is attached hereto.  There, the court dismissed with prejudice an Odometer/FDUPTA claim holding "Bertolotti does not specifically allege that Defendants intentionally concealed the vehicle's current mileage at the time of the sale. Rather, Bertolotti contends that Defendants failed to

 furnish the Car Fax report or otherwise disclose the condition of the vehicle as "salvage" or "rebuilt." As discussed above, such disclosures are not required under the Federal Odometer Act."

Here, there is no requirement in Odometer Act that MAM give any "branded title" or include a disclosure that the vehicle was formally a rental vehicle.  49 CFR §580.5 provides

> c) In connection with the transfer of ownership of a motor vehicle, the transferor shall disclose the mileage to the transferee on the physical or electronic title or, except as noted

3

below, on the physical document being used to reassign the title. In the case of a transferor in whose name the vehicle is titled, the transferor shall disclose the mileage on the electronic title or the physical title, and not on a reassignment document. This disclosure must be signed by the transferor and must contain the transferor's printed name. In connection with the transfer of ownership of a motor vehicle in which more than one person is a transferor, only one transferor need sign the disclosure. In addition to the signature of the transferor, the disclosure must contain the following information:

    (1) The odometer reading at the time of transfer (not to include tenths of miles);

    (2) The date of transfer;

    (3) The transferor's printed name and current address;

    (4) The transferee's printed name and current address; and

    (5) The identity of the vehicle, including its make, model, year, body type, and vehicle

No disclosure of the vehicle's prior history as a rental agreement (which was not even known to the Defendant, since it was purchased at auction) was required under the Odometer Act. No disclosure other than the disclosure that the Plaintiffs concede was given under Florida law. Despite signing a disclosure that the vehicle was previously a rental car, they falsely allege that the first time they learned the vehicle had been a rental car, was when their lawyer obtained a vehicle Title History which they attached to the complaint as Exhibit B. Id. ¶29-31.

Most Court "have held that the Odometer Act was only meant to cover fraud related to a vehicle's mileage."*Hamilton v. O'Connor Chevrolet, Inc.,* Case No. 02 C 1897, 2004 WL 1403711, \*\*9-10 (N.D. Ill. June 23, 2004) (finding no intent to defraud where plaintiffs presented no evidence that defendant intended to defraud them with respect to the car's mileage or its odometer reading). The court in *Hamilton* held that "civil liability under the Odometer Act is limited to mileage fraud and odometer tampering and plaintiff cannot maintain an action under the Odometer Act where [he] makes no allegation of odometer tampering." *Id.* The defendant in *Hamilton* failed to comply with the Odometer Act by disclosing the vehicle's mileage on the application for vehicle title and registration rather than on the title itself. The court found no intent to defraud because the plaintiffs

admittedly were not challenging the accuracy of the disclosed odometer reading or asserting that defendant tampered with the odometer in any way. The court agreed with the defendant, who claimed that plaintiffs could not prove the requisite intent to defraud and held that "[t]o hold otherwise would expand the meaning of the Federal Odometer Act so that almost any state-law claim for fraud [implicating a car sale] would also be a violation of federal law." *Id.* Other cases have rejected attempts to use the Odometer Act as a more generalized car-sale-fraud statute in instances where the allegations did not reflect any intent to defraud concerning the car's mileage or any allegation of odometer tampering. *accord* Compton v. Altavista Motors, Inc., 121 F. Supp. 2d 932, 942 (W.D. Va. 2000) (rejecting claim concerning alleged fraud concerning time when ownership of vehicle actually was transferred via title and other transaction documentation).

In conclusory allegations Plaintiffs claim that somehow, without saying how, that the Defendants made a "false statement to a transferee in violation of 49 USC §32705(a) and 49 USC CFR §580.4." Here, the vehicle disclosure bars the claim and they have failed to allege fraud with the requisite particularity as noted below regarding the argument as to Count 5 for fraud.

### B. Shotgun Pleadings

Moreover, the Plaintiffs combine different claims in the same count. In state court, this would be a violation of Rule 1.110(f). *RHS Corp. v. City of Boynton* Beach, 736 So. 2d 1211, (Fla. 1st DCA 1999); *Chaires v. North Florida National Bank*, 432 So.2d 183 (Fla. 1st DCA 1983), i.e. claims under both the Odometer Act and Florida Statute. Such shotgun pleadings are improper under the Federal rules, as well.

Indeed, in *Janet Ryan v. Carnival Corporation*, Civil Action No. 19-24150-Civ-Scola (10/21/19) DE 20, in a complaint where the Plaintiff asserts various theories of negligence in a single paragraph "that contains 15 subparts," Judge Scola struck the entire complaint as an improper shotgun pleading, citing *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294–95 (11th Cir. 2018)

holding that they violate Federal Rules of Civil Procedure 8(a)(2) and 10(b), "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." *Id.* (quotations and alterations omitted). Judge Scola held:

> When presented with a shotgun pleading, a district court "should strike the pleading and instruct counsel to replead the case—if counsel could in good faith make the representations required by Fed. R. Civ. P. 11(b)." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357–58 (11th Cir. 2018) ("This is so even when the other party does not move to strike the pleading.").

*Id.*

Thus, the Court should dismiss Count 1.

### C. The FDUPTA (§501.201) Fails to Meet the Particularity Requirements of Rule 9(b)

Count 2 fails to state a cause of action against MAM for violation of FDUPTA (§501.201). Basically, Plaintiffs regurgitate everything from Count 1. Indeed, in ¶61, plaintiffs re-incorporate ¶1-58, o the complaint, i.e., all the allegations in Count 1. For the reasons stated above, Count 2 improperly combines causes of action and fails to state a cause of action. It further fails to allege fraud with particularity as set forth below.

When a FDUTPA claim sounds in fraud, it should be pled in accordance with the heightened pleading standard of Rule 9(b). *State Farm Mut. Auto. Ins. Co. v. Performance Orthopaedics & Neurosurgery, LLC*, 278 F. Supp. 3d 1307, 1327-28 (S.D. Fla. 2017), *See also, Casey v. Fla. Coastal School of Law, Inc.*, 2015 U.S. Dist. LEXIS 176281 at *28 (M.D. Fla. 2015); *Perret v. Wyndham Vacation Resorts, Inc.*, 846 F. Supp. 2d 1327, 1332 (S.D. Fla. 2012).

When the complaint is peppered with allegations of fraud, as it certainly is in the instant matter, "the plaintiff's FDUTPA claim sounds in fraud." *Casey, supra,* at *28. The Complaint in the instant action contains numerous allegations of fraud within the FDUTPA claim.

Accordingly, because the FDUTPA claim sounds in fraud, Plaintiffs are required to allege

"specific allegations with respect to each defendant that are sufficient to inform each defendant of the nature of his alleged participation in the fraud."  This count must be dismissed.  To the extent the so-called fraud is based on an Odometer claim that is non-existent, and belied by the Vehicle Disclosure plaintiffs attached to the complaint, it should be dismissed with prejudice.

### D. Plaintiffs have no Damages that are Recognized under FDUTPA

The standard for determining damages recoverable under FDUTPA is well-defined in case law: "The measure of actual damages is the difference in the market value of the product or service in the condition in which it was delivered and its market value in the condition in which it should have been delivered according to the contract of the parties." *Rollins, Inc. v. Heller*, 454 So.2d 580, 585 (Fla. 3d DCA 1984); *see also* *H & J Paving of Florida, Inc. v. Nextel, Inc.*, 849 So.2d 1099, 1101-02 (Fla. 3d DCA 2003).

Additionally, under FDUTPA, "actual damages" do not include "consequential" damages. *Rollins, Inc. v. Butland*, 951 So.2d 860, 869 (Fla. 2d DCA 2006); *see also, KIA Motors America Corp. v. Butler*, 985 So.2d 1133, 1140 (Fla. 3d DCA 2008) ("FDUPTA 'actual damages' do not include consequential damages, such as repair damages or resale damages.").

Plaintiffs cannot show any damages by virtue of the Vehicle Disclosure that they attached to the complaint.

### E. Fraud

Count 5 fails to state a cause of action for against MAM for Fraud.  Plaintiffs failed to plead fraud with the requisite particularity as required by Rule 9(b) as set forth above.

The elements of common law fraud are "1) a false statement of fact, 2) known by the person making the statement to be false at the time it was made, 3) made for the purpose of inducing another to act in reliance thereon, 4) action by the other person in reliance on the correctness of the statement, and 5) resulting damage to the other person." *See Tucci v. Smoothie King Franchises,*

*Inc.*, 215 F. Supp. 2d 1295, 1302 (M.D. Fla. 2002). Rule 9(b) of the Federal Rules of Civil Procedure provides that in all averments of fraud, the circumstances constituting fraud shall be stated with particularity. According to the Eleventh Circuit, Rule 9(b) may be satisfied if the complaint set forth (1) precisely what statements were made in what documents or oral representations or what omissions were made, (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud. *See* Brooks v. Blue Cross and Blue Shield of Florida, Inc., 116 F.3d 1364, 1371 (11th Cir. 1997). "The plaintiff must plead facts as to time, place, and substance of the defendant's alleged fraud, specifically the details of the defendants' allegedly fraudulent acts, when they occurred, and who engaged in them." *Hill v. Morehouse Medical Associates, Inc.,* Case No. 02-14429, 2003 WL 22019936, *3 (11th Cir. Aug. 15, 2003).

Count 5 falls short of this standard and should be dismissed. Moreover, to the extent the allegations of fraud are the same ones negated by the Vehicle Disclosure attached as Exhibit C to the complaint, the count should be dismissed with prejudice.

F. **"Negligent Misrepesentation" is barred by the Integration Clause**

Should the Plaintiffs be able to satisfy the pleading requirement for fraud as outlined above, the same is not true for Count 6 for "negligent misrepesentation" and this Count must be dismissed with prejudice. Besides the arguments as to Count 5, a claim for negligent misrepresentation is barred by the merger clause in the subject contract, attached as Exhibit B to the complaint provides:

> "ENTIRE AGREEMENT. Your and our entire agreement is contained in this contract. Any change to the contract must be in writing signed by our and us."

Negligent misrepresentation claims "sound in fraud" and require the heightened pleading standard. *Lamm v. State St. Bank and Trust*, 749 F.3d 938, 951 (11th Cir. 2014). This is to ensure

8

that defendants in these actions have notice of the allegedly fraudulent conduct. While an integration clause does not bar a claim for fraudulent misrepresentation, it does bar other claims, such as negligent misrepresentation. See *Weiss v. Cherry*, 477 So.2d 12 (Fla. 3d DCA 1985); *Wassar v. Sasoni*, 652 So.2d 411, 412 (Fla. 3d DCA 1995).

WHEREFORE, Defendant moves to dismiss the complaint and should the Court dismiss the Odometer claim, then to dismiss this action for lack of subject matter jurisdiction.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on **July 15, 2021**, I have filed the foregoing document with the Clerk of Court using the CM/ECF system and that a copy was electronically served upon: **Joshua Feygin**, **Esq.**; Joshua Feygin**, PLLC, 1800 E. Hallandale Beach Blvd.; Ste #85293, Hallandale Beach, FL 33009 (josh@jfeyginesq.com); and **Darren Newhart, Esq**. (Darren@NewhartLegal.com) and **Rachel B. Cash, Esq**.; Burr & Forman LLP,  420 N. 20th St., Suite 3400, Birmingham, Alabama 35203 (Email: rcash@burr.com) in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

          **THE PIVNIK LAW FIRM**
          7700 N. Kendall Drive., Suite 703
          Miami, FL  33156
          Ph: (305) 670-0095
          Pivniklaw@aol.com
          JPivniklaw@Pivniklaw.com

          By:  **S/Jerome A. Pivnik**
               Jerome A. Pivnik, Esq.
               Fla. Bar No.:  400408