| | |
|---|---|
| COREY SENAT and ASHANTI LUCAS | UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA |
| Plaintiffs, | Miami Division |
| vs. | CASE NO.: 2021-CV-61366-BB |
| MIAMI AUTO MAX, INC., et al. | **DEFENDANT'S REPLY IN SUPPORT OF AMENDED MOTION FOR SANCTIONS AGAINST PLAINTIFFS AND JOSHUA FEYGIN** |
| Defendants.                                   / | |

The Defendant, MIAMI AUTO MAX, INC., responds to Plaintiffs' Reply to Defendant's Motion for Sanctions and to Tax Fees against the Plaintiffs and their lawyer, Joshua Feygin, and states:

### Mr. Feygin Has Now Attempted to Mislead *this* Court

On 6/29/21, the Circuit Court, Judge Martin Bidwill, properly denied the Motion to Continue the Hearing and Granted the Defendant's Motion to Vacate the Default. A copy of that Order is attached as Exhibit 10 to Defendant's Motion for Sanctions.

In the Response, Mr. Feygin states that "Later, on or about July 2, 2021, Defendant moved for Sanctions *and made no effort to have it heard before the lower court*." Emphasis added). Response, p. 2 [DE 12]. Mr. Feygin again attempts to mislead - the case was removed by the co-defendant less than 2 hours after Miami Auto Max filed its motion for sanctions.

The Notice of Removal filed by co-defendant Capitol One includes as Exhibit B the motion for sanctions, time-stamped 11:00:17 AM on 7/2/21. [DE 1, Exhibit B, p. 140 of 147]. The Notice of Removal was filed that same day. Capital One filed a copy of the Removal with the Circuit Court at 12:17 PM that day. See below.



Although it does not contain a time stamp, DE 2, the Notice of Clerk's Assignment was emailed to the undersigned at 1:17 PM. (The undersigned did not receive an email from the clerk of the Notice of Removal, DE 1, but tis safe to presume that it was before the time Capitol One filed a copy of it with the Circuit Court)

Mr. Feygin knows it was impossible to have that motion scheduled for a hearing much less heard in under 120 minutes after filing. The only purpose of making such a disingenuous statement is to paint the Defendant's counsel in a false light and demonstrates Plaintiffs' counsel's bad faith.

## This Court has Jurisdiction to Award Sanctions

Plaintiffs and Mr. Feygin concede, as they have to, that the Court has the inherent authority to sanction parties and counsel for bad faith conduct. See, Response, P. 3. See <u>Chambers v. NASCO</u>, Inc., 501 U.S. 32, 43 (1991). "The inherent power 'is both broader and narrower than other means of imposing sanctions.'" <u>Peer v. Lewis</u>, 606 F.3d 1306, 1314 (11th Cir. 2010) (quoting <u>Chamber</u>s, 501 U.S. at 46).

Instead, the Plaintiffs and Mr. Feygin claim that even if they engaged in bad faith conduct relating to their improperly obtaining and improperly refusing to vacate the default, because it took place in the Circuit Court and not in this Court, they cannot be sanctioned. The Plaintiff's rely upon the 5th Circuit case, <u>Positive Software Sols., Inc. v. New Century Mortg. Corp</u>., 619 F.3d 458, 460–61 (5th Cir. 2010). <u>Positive</u> held that the District Court erred in awarding sanctions for conduct that took place in a different proceeding, an arbitration. The Court noted that counsel could have but failed to ask the arbitrator to award sanctions. The Fifth Circuit itself in a more recent case has distinguished that ruling and allowed sanctions to be awarded in the same proceeding even if it was in a different court. In <u>Carroll v. Abide (In re Carroll)</u>, 850 F.3d 811 (5th Cir. 2017) the Court affirmed an award of sanctions and, in footnote 3, said this of its earlier ruling:

> Construing their pro se brief liberally, see Price v. Digital Equip. Corp., 846 F.2d 1026, 1028 (5th Cir. 1988), Appellants maintain that the bankruptcy court could not sanction the Carroll Daughters for conduct that occurred before the district court in the Movables Adversary once the order of reference was withdrawn because the Movables Adversary is a separate proceeding. We have determined that "the inherent power does not extend to collateral proceedings that do not threaten the court's own judicial authority or proceedings." **Positive Software Sols., Inc. v. New Century Mortg. Corp., 619 F.3d 458, 460–61 (5th Cir. 2010)** (quoting Maxxam, 523 F.3d at 593). Here, by contrast, the conduct by the Carroll Daughters in the district court occurred in the same bankruptcy case. See 2 COLLIER ON BANKRUPTCY § 301.03 (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2015)("The term 'case' . . . refers to the overall spectrum of legal action taken under one of the debtor relief chapters. It is the widest term functionally. The term 'proceeding,' by contrast, refers to any particular action raised or commenced within the case, including motions and adversary proceedings, whether such actions raise disputed or

>consensual matters."). Accordingly, the bankruptcy court could sanction the Carroll Daughters for their conduct in the Movables Adversary.

Id.

Similarly, here, this *is* the same proceeding as was before the Circuit Court (which Mr. Feygin erroneously refers to as a "lower court,") and as a further contrast to the *Positive* case, Defendant *did* request sanctions in the Circuit Court and the Circuit court may have awarded them, but for the removal by the co-Defendant.

The Undersigned has found but one ruling that cited the Positive case in this district and it, too, is inapposite to Plaintiffs' contention.

In <u>*Bedoya v. Aventura Limousine & Transp. Serv., Inc*</u>.. 861 F. Supp. 2d 1346 (S.D. Fla. 2012) Judge Altonaga wrote

>Plaintiff contends that since it occurred in the context of the *Schatt* Action, Celler's statement has "absolutely nothing to do with this case." (Pl.'s Post–Hearing Br. 6). Where "conduct [is] neither before the district court nor in direct defiance of its orders, the conduct is beyond the reach of the court's inherent authority to sanction." *Positive Software Solutions, Inc. v. New Century Mortg. Corp.,* 619 F.3d 458, 461 (5th Cir.2010) (finding district court lacked authority to sanction conduct in connection with court-ordered arbitration); *see also Dow Chem. Pac. Ltd. v. Rascator Maritime S.A.,* 782 F.2d 329, 345 (2d Cir.1986) ("Violations of orders in other litigation should not be the basis for an award in the instant litigation; such violations are best dealt with in the actions in which they have occurred."). Celler's statement to Tinkler admittedly occurred in connection with another forum—court-ordered arbitration in another case. While conduct in another forum may not be sanctionable by the Court, the Court may look to such conduct, where relevant, as evidence in determining whether conduct properly before the Court is sanctionable. *See In re Lawrence,* No. 97–14687–BKC–AJC, 2000 WL 33950028, at *5 & n. 8 (Bankr.S.D.Fla. June 2, 2000) (holding that trustee could not seek sanctions for conduct during appeal in different forum, but that such conduct was relevant evidence to document issue of "course of bad faith conduct" before the court) (citing Fed.R.Evid. 401). In particular, the Court is deeply troubled by Celler's *ex parte* statement to Tinkler that Celler would never settle with Defendants as long as they were represented by Coupal. The fact that Celler then made a questionable settlement offer to Defendants in this action strongly suggests the statement applied equally to this action as to the *Schatt* Action. Such a statement so profoundly undermines the client-attorney relationship between Defendants and Coupal in this action, as well as the effective administration of this action, that the Court cannot turn a blind eye to it. Thus, the Court will not refuse to sanction Celler's *ex parte* conduct with Tinkler on the basis that it occurred in another forum. For all intents and purposes, Celler's statement is conduct before the Court, and the Court is empowered to grant relief to the extent necessary to protect the integrity of proceedings before it.

Id.

Moreover, Local Rule 7.2 would be negated if the Plaintiffs' interpretation of this Court's authority was accepted.

Accordingly, the Court has the Authority and the Jurisdiction to award sanctions.

### Evidence of Bad Faith Conduct

On 5/5/21, while this case was in State Court, Plaintiff's had the summons and complaint in this action, as well as a second unrelated action, served on the Defendant's bookkeeper at its Homestead location; Hanes v. Miami Auto Max, et al., Miami Dade Cir. Case No. 21-10758-23-ND02.  On May 24th the undersigned wrote to Plaintiff's counsel Joshua Feygin:

> I understand that you have filed suit and may have served Miami Auto Max, though it appears that service may or may not be valid as the process was left in the office on May 5th without service on the registered agent or any officer or director. In any case, we hereby request a 15-day extension of time to respond to the complaint.

See email attached as Exhibit 1 to Motion.

Mr. Feygin's argument, Response, P. 6, that he was unsure if the Undersigned still represented Miami Auto Max because he had withdrawn in a third action – the Somo, case is absurd.  He knew by the email that the Undersigned was still representing Miami Auto Max in the Hanes case when he asked for an extension.  And since the Undersigned's last pre-suit communication with Feygin in this case was a settlement offer which Feygin rejected, and since the Undersigned never gave any indication, he was no longer representing Miami Auto Max in this case, Feygin had no reason to not know that the undersigned was still counsel for Defendant.

But even though he knew the undersigned represented Miami Auto Max, in the Hanes, case, AND also knew that the undersigned was representing Miami Auto *Max in this matter* in pre-suit negotiations as late as February 2020, (see email attached as Exhibit 2 to Motion for Sanctions) he failed to advise the undersigned that he had filed a second suit - the subject one, and had that one served on the same bookkeeper on the same day at the same time.

5

When asked for an extension is the Hanes case, any ethical lawyer, knowing that the same counsel represented the same Defendant in the other case would have said:

"Hey, Mr. Pivnik – I also filed suit in the Senat case and we served that one, too. Do you need an extension for that as well?" Instead, Mr. Feygin engaged in gamesmanship and obfuscation by omission. And then Mr. Feygin misrepresented to the Clerk that he had not received *any* paper from the Defendant.

And by refusing to agree to vacate the default, despite the motion to vacate being flied less than 48 hours after its entry, and despite the filing of affidavits and a motion to dismiss demonstrating excusable neglect and meritorious defenses, Plaintiffs and Mr. Feygin caused Defendant to incur unnecessary attorney's fees and acted in bad faith.

Under both Federal and Florida law, the Plaintiffs should have agreed to vacate the Default and the Court has the inherent authority to sanction them for their failure to do so.

WHEREFORE Defendant moves to tax fees and costs as sanctions against the Plaintiffs and their attorney, Mr. Feygin.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been emailed to: **Joshua Feygin**, **Esq.**; Joshua Feygin**, PLLC, 1800 E. Hallandale Beach Blvd.; Ste #85293, Hallandale Beach, FL 33009 (josh@jfeyginesq.com); and **Darren Newhart, Esq**. (Darren@NewhartLegal.com) Newhart Legal, PA, 14611 Southern Blvd, Ste 1351, Loxahatchee, FL 33470, and **Rachel B. Cash, Esq**.; Burr & Forman LLP,  420 N. 20th St., Suite 3400, Birmingham, Alabama 35203 (Email: rcash@burr.com) on July 30, 2021.

**THE PIVNIK LAW FIRM**
7700 N. Kendall Drive., Suite 703
Miami, FL  33156
Ph: (305) 670-0095
Pivniklaw@aol.com
JPivniklaw@Pivniklaw.com

By:   **S/Jerome A. Pivnik**
      Jerome A. Pivnik, Esq.
      Fla. Bar No.:  400408