| | |
|---|---|
| COREY SENAT and ASHANTI LUCAS<br><br>    Plaintiffs, | UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF FLORIDA<br>Miami Division |
| vs. | CASE NO.: 2021-CV-61366-BB |
| MIAMI AUTO MAX, INC., et al.<br><br>    Defendants.<br>_____/ | **DEFENDANT'S OPPOSITION TO MOTION FOR CLARIFICATION OF SEPT 9TH ORDER** |

Defendant, MIAMI AUTO MAX, INC., opposes Plaintiffs motion for clarification and states:

1. On Sept. 9th, after 45 minutes of argument, the Court granted Defendant's Motion to Dismiss. That same day, the Court entered a paperless order that dismissed Count 1 (the Odometer Count) with prejudice, and the other Counts with leave to amend. The Complaint contained the following counts:

> Count 1 - Violation of the Federal Odometer Act (49 USC §32701)
> Count 2 - Violation of FDUPTA (§501.201 et seq)
> Count 3 - Violation of FDUPTA (§501.201 et seq) - as to only Quesada
> Count 4 - Fraud
> Count 5 - Negligent Misrepresentation

2. The undersigned recalls the argument well, and that Mr. Feygin conceded that there was no odometer violation, that the title application clearly had the correct odometer mileage, and that his sole justification for that claim was his argument that the title should have been a "branded title" that the car had previously been a lease or rental car when it had been owned by Enterprise (two owners before Miami Auto Max bought it from an auction house). (The FDUPTA and Fraud Counts failed to plead fraud with particularity; the Negligent Misrepresentation claims was improper as a matter of law, as stated in the motion to dismiss). The Court entered the Order after extensive argument.

3. Plaintiff never appealed that Order.

4. On Oct. 7th the Court entered another order granting Plaintiff an extension (unopposed by the undersigned) but only through 10/22 to file an amended complaint.

5. Now, *six weeks* after the entry of the order of Sept. 9th, (and the day before the 10/22 deadline to amend) and without providing the transcript of the hearing, Plaintiffs move for "clarification" of the Sept. 9th Order, and argue that the Court was in error in dismissing the Odometer Count with prejudice and instead, recall that the Court meant to dismiss Count 5 for Negligent Misrepresentation with prejudice (and leave to amend the other Counts.

6. The Court properly dismissed Count 1 with prejudice. And although the Court could have dismissed Count 5 with prejudice as well, the Order did give Plaintiffs leave to amend.

### Memorandum of Law

Neither the Federal Rules of Civil Procedure nor the Local Rules provide for a motion for clarification. See *United States v. Philip Morris USA Inc.*, 793 F. Supp. 2d 164, 168 (D.D.C. 2011) ("[T]here is no Federal Rule of Civil Procedure specifically governing "motions for clarification."). A number of courts have interpreted a "motion for clarification" after the issuance of an order as a motion for relief from a judgment or order under Federal Rule of Civil Procedure 60. *See, e.g., In re Int'l Fibercom, Inc.,* 503 F.3d 933, 938 (9th Cir. 2007) (affirming bankruptcy court's analysis of motion to clarify after summary judgment order under Rule 60(b)); *Napoli v. Town of New Windsor,* 600 F.3d 168, 170 (2d Cir. 2010) (affirming district court's construing plaintiff's request for clarification as a motion under Rule 60 of the Federal Rules of Civil Procedure); *In re Walter, 282* F.3d 434, 439 (6th Cir. 2002) (holding that party's "Motion to Clarify" was more properly analyzed under Rule 60(a). See also, *Z.K. Marine v. M/V Archigetis*, 808 F. Supp 1561, 1563 (S.D. Fla 1992)(discussing motions for reconsideration under Rule 59, only granted in rare circumstances, to correct clear error, for example).

The motion was not made within a reasonable time after the subject hearing. This motion is borderline frivolous, particularly coming now six weeks after the hearing and Order. The Court correctly dismissed the Odometer Count with prejudice. Plaintiffs would be wise to drop the negligent misrepresentation count, too, as well as the other claims, which have no merit, but the Order does give them the option of amending.

WHEREFORE, Defendant opposes the Motion for Clarification, and asks the Court to deny same.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been emailed to: **Joshua Feygin**, **Esq.**; Joshua Feygin**,** PLLC, 1800 E. Hallandale Beach Blvd.; Ste #85293, Hallandale Beach, FL 33009 (josh@jfeyginesq.com); and **Darren Newhart, Esq**. (Darren@NewhartLegal.com) and **Rachel B. Cash, Esq**.; Burr & Forman LLP, 420 N. 20th St., Suite 3400, Birmingham, Alabama 35203 (Email: rcash@burr.com) on October 21, 2021.

        **THE PIVNIK LAW FIRM**
        7700 N. Kendall Drive., Suite 703
        Miami, FL  33156
        Ph: (305) 670-0095
        Pivniklaw@aol.com
        JPivniklaw@Pivniklaw.com

By:   **S/Jerome A. Pivnik**
        Jerome A. Pivnik, Esq.
        Fla. Bar No.:  400408